IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LRGISTICS, LLC, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | ____________________ |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EVANS DELIVERY COMPANY, INC. d/b/a Z INTERMODAL and VARNA TRUCKING INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files this its Complaint against the Defendants, and states as follows:

## PARTIES

1. Plaintiff LRGistics, LLC is a limited liability company formed under the laws of Georgia with a principal place of business at 1 Clay Place, Hapeville, Georgia 30354.

2. Defendant Evans Delivery Company, Inc. (hereinafter “Evans Delivery”) is a foreign corporation formed under the laws of Pennsylvania with a

principal place of business at 100-110 West Columbia Street, Schuylkill Haven, Pennsylvania 17972. Defendant Evans Delivery Company, Inc. is authorized to conduct business in the State of Georgia, and has authorized service of process to be made on its Registered Agent in the State of Georgia, Laura Smith, at 665 S. Highway 74, Suite 600, Peachtree City, Fayette County, Georgia, 30269.

3. Defendant Varna Trucking Inc. (hereinafter “Varna Trucking”) is a corporation formed under the laws of California with a principal place of business at 9564 Cordero Avenue, Tujunga, California 91042. Defendant Varna Trucking Inc. is not registered with the Georgia Secretary of State.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), because this action arises under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000, exclusive of interest and costs.

5. This Court has supplemental jurisdiction over Plaintiff’s state-law claims pursuant to 28 U.S.C. § 1367(a), as the state-law claims for breach of bailment and negligence are so closely related.

6. This Court has personal jurisdiction over Defendant Evans Delivery Company, Inc. pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, because Evans Delivery committed tortious acts within Georgia (the negligent release of cargo at its Savannah facility) and transacts business within Georgia through its operation of the Z Intermodal/D7 Transport facility at 540 Jimmy Deloach Parkway, Suite 126, Savannah, Georgia 31407.

7. This Court has personal jurisdiction over Defendant Varna Trucking Inc. pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, because Varna Trucking committed a tortious act or omission within Georgia (the failure to secure its carrier credentials and the facilitation of fraudulent cargo pickup at the Savannah facility) and/or transacts business within Georgia as a motor carrier operating in interstate commerce with pickup locations in Georgia.

8. Venue is proper in the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, specifically in Chatham County, Georgia (Savannah), where the negligent release of cargo occurred at Evans Delivery's facility and where the cargo was stolen.

9. Venue is also proper pursuant to O.C.G. §9-10-93, which provides that in cases involving nonresidents, proper venue is any county wherein a substantial part of the business was transacted or the tortious act or injury occurred. Here, the tortious acts (negligent release, cargo theft) occurred in Chatham County (Savannah), Georgia.

## FACTUAL ALLEGATIONS

10. Plaintiff LRGistics, LLC is a Georgia limited liability company operating as a federally licensed freight broker under USDOT No. 2889145, with its principal office located at 1 Clay Place, Hapeville, Georgia 30354.

11. Defendant Evans Delivery operates a transloading facility at 540 Jimmy Deloach Parkway, Suite 126, Savannah, Georgia 31407, under the trade names "Z Intermodal" and "D7 Transport."

12. Defendant Varna Trucking operates as a federally licensed motor carrier under MC# 649727, engaged in interstate transportation of commercial freight.

### The Shipment

13. On or about July 22, 2025, Plaintiff LRGistics coordinated the interstate transportation of 43 pieces of copper bars and rods weighing

approximately 46,988 pounds (gross weight 21,314 kg; net weight 19,951 kg).

14. The cargo was valued at $227,341.46, as documented in Commercial Invoice No. 7200100120.

15. The cargo originated from Sofia Med S.A. in Bulgaria and was destined for Storm Power Components in Decatur, Tennessee.

16. Plaintiff LRGistics issued Bill of Lading #MSDU2697390, which expressly and unambiguously designated "VARNA TRUCKING INC [MC# 649727]" as the sole authorized motor carrier for inland shipment from Savannah, Georgia to Decatur, Tennessee.

17. The Bill of Lading specified a ship date of July 23, 2025.

18. Prior to inland transit, the cargo was staged at Defendant Evans Delivery's facility (operating as Z Intermodal/D7 Transport) at 540 Jimmy Deloach Parkway, Suite 126, Savannah, Georgia 31407.

**The Bailment Relationship**

19. Upon accepting physical possession and custody of the cargo at its Savannah facility, Defendant Evans Delivery entered into a bailment relationship with Plaintiff LRGistics for mutual benefit.

20. Defendant Evans Delivery provided transloading and staging services for compensation, and Plaintiff LRGistics received those services.

21. As a bailee for mutual benefit, Defendant Evans Delivery owed a duty to exercise ordinary and reasonable care to protect the cargo and ensure its release exclusively to the authorized carrier designated on the Bill of Lading.

22. Defendant Evans Delivery had actual knowledge of the authorized carrier's identity, as the Bill of Lading explicitly identified "VARNA TRUCKING INC [MC# 649727]" as the sole authorized motor carrier.

**Evans Delivery's Negligent Release of the Cargo**

23. On or about July 23, 2025, an unknown, unauthorized individual arrived at Defendant Evans Delivery's Z Intermodal facility with a commercial tractor-trailer to claim the cargo.

24. Defendant Evans Delivery's employees and agents permitted the unauthorized driver to sign the facility's daily intake logbook using only the single name "Yoentry" (phone 786-461-9823) and Purchase Order number B41000065273.

25. The unauthorized driver provided no documentation linking him to the authorized carrier Varna Trucking Inc., and the telephone number provided by

the driver at the gate (786-461-9823) fundamentally mismatched the contact information previously provided to the broker.

26. Defendant Evans Delivery completely failed to verify the identity of the driver.

27. Defendant Evans Delivery failed to verify the motor carrier operating authority of the vehicle.

28. Defendant Evans Delivery failed to cross-reference the driver's credentials against the authorized carrier listed on the Bill of Lading.

29. The facility sign-in sheet failed to document the carrier's name or identity, creating a material gap in the audit trail and chain-of-custody.

30. The Bill of Lading explicitly identified Varna Trucking Inc. by name and MC number as the authorized carrier, but the sign-in sheet recorded only "Yoentry" and the PO/pickup number without identifying the carrier.

31. Defendant Evans Delivery released the cargo to the unauthorized individual notwithstanding this mismatch and lack of verification.

32. The unauthorized driver was operating on behalf of a fraudulent entity later identified as "Pleasure Logistics Corp." (though this identification may not be fully documented in the evidentiary record).

33. The cargo was subsequently stolen and misappropriated.

34. Active criminal investigations remain ongoing with the Savannah Police Department (Case #-250806041) and the Peoria, Arizona Police Department (Case #2025-00052358).

**Varna Trucking's Role and Alleged Cybersecurity Compromise**

35. Prior to the scheduled pickup, Defendant Varna Trucking's dispatch communications (from dispatch.varna. Truckingllc@gmail.com) initially indicated that a driver named "Ethan" (phone 814-725-9809; truck 404) would pick up the load.

36. Subsequently, Defendant Varna Trucking's dispatch indicated that a second driver named "Yoentry" (phone 850-347-5456; truck 102; trailer 01) would pick up the load.

37. Defendant Varna Trucking's dispatch later claimed that pickup was completed and delivery occurred, providing a purported proof of delivery.

38. However, the cargo was never delivered to the consignee Storm Power Components in Decatur, Tennessee.

39. The cargo has, upon information and believe, been lost and has not been recovered.

40. Defendant Varna Trucking has refused to tender compensation for the loss, alleging that its dispatch and email systems were "hacked" by cybercriminals who intercepted the load information and facilitated the theft.

41. Fraudulent actors utilized the specific identity, MC number, and federal operational authority of Defendant Varna Trucking to secure the load assignment from Plaintiff LRGistics.

42. Defendant Varna Trucking's failure to secure its operational credentials, dispatch systems, and communication networks enabled the fraudulent interception of the cargo and the impersonation of Varna's federal motor carrier authority.

43. Defendant Varna Trucking utilized unsecured public communication networks, including Gmail accounts (dispatch.varnatruckingllc@gmail.com and varna.truckinginc@gmail.com), and failed to implement basic safeguards to protect its operational credentials, dispatch systems, and driver verification processes.

**Insurance Denial and Demand for Compensation**

44. Elite 4 Truck Insurance Services, acting on behalf of Defendant Varna Trucking, denied the claim, citing copper/non-ferrous metals and flatbed operations

exclusions.

45. Elite 4 Truck Insurance Services stated that Varna Trucking did not pick up the load and had no cyber theft policy.

46. Plaintiff LRGistics submitted formal demands for full compensation beginning October 7, 2025.

47. Defendant Evans Delivery acknowledged the claim and assigned claim number 25-1849 but has failed to tender compensation.

48. Plaintiff LRGistics provided a complete documentation package to Defendant Evans Delivery on October 16, 2025.

49. Despite Plaintiff's demands and provision of documentation, neither Defendant has tendered compensation for the loss.

**Damages**

50. As a direct and proximate result of Defendants' actions, omissions, and negligence, Plaintiff suffered actual damages in the amount of $227,341.46, representing the full value of the stolen copper cargo.

**COUNT I: BREACH OF BAILMENT AND GROSS NEGLIGENCE**
**(Against Defendant Evans Delivery Company, Inc.)**

51. Plaintiff re-alleges and incorporates by reference all preceding

paragraphs as if fully set forth herein.

52. A bailment relationship existed between Plaintiff and Defendant Evans Delivery when Evans Delivery accepted physical possession and custody of the cargo at its Savannah facility.

53. The bailment was for mutual benefit, as Defendant Evans Delivery received compensation for transloading services and Plaintiff received staging and transloading services.

54. Under Georgia law, all bailees are required to exercise care and diligence to protect the thing bailed. O.C.G.A. § 44-12-43.

55. As a bailee for mutual benefit, Defendant Evans Delivery owed a duty to exercise ordinary and reasonable care to protect the cargo and ensure its release exclusively to the authorized carrier designated on the Bill of Lading.

56. Defendant Evans Delivery breached this duty by failing to verify the identity and credentials of the individual who took possession of the cargo and by releasing the cargo to an unauthorized party.

57. Specifically, Defendant Evans Delivery breached its duty by:

a. Failing to verify the identity of the driver who claimed the cargo;

b. Failing to verify the motor carrier operating authority of the vehicle;

c. Failing to cross-reference the driver's credentials against the authorized carrier listed on the Bill of Lading;

d. Releasing the cargo based solely on a single name ("Yoentry") and a purchase order number, without documenting the carrier's identity;

e. Failing to maintain adequate chain-of-custody documentation; and

f. Releasing the cargo notwithstanding the obvious mismatch between the Bill of Lading (which identified Varna Trucking Inc. by name and MC number) and the sign-in sheet (which identified only "Yoentry" without any carrier information).

58. Defendant Evans Delivery's breach was the proximate cause of Plaintiff's damages, as the unauthorized release of the cargo directly enabled the theft.

59. As a direct and proximate result of Defendant Evans Delivery's breach of its bailment duties, the cargo was lost and Plaintiff suffered damages in the amount of $227,341.46.

60. Defendant Evans Delivery's conduct constituted gross negligence, as it involved a reckless disregard for the safety and security of the cargo and a complete failure to follow basic verification procedures that any reasonable bailee would implement.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Evans Delivery Company, Inc. for actual compensatory damages in the amount of $227,341.46, together with pre-judgment interest, post-judgment interest, costs, and such other and further relief as this Court deems just and equitable.

## COUNT II: VIOLATION OF THE CARMACK AMENDMENT, 49 U.S.C. § 14706 (Against Defendant Varna Trucking Inc.)

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendant Varna Trucking Inc. is a federally licensed motor carrier operating under MC# 649727, engaged in interstate transportation of commercial freight.

63. Plaintiff LRGistics issued Bill of Lading #MSDU2697390, which expressly and unambiguously designated "VARNA TRUCKING INC [MC#

649727]" as the sole authorized motor carrier for the shipment of 43 pieces of copper bars and rods, valued at $227,341.46, from Savannah, Georgia to Decatur, Tennessee.

64. The cargo was staged at the transloading facility in Savannah for pickup by Defendant Varna Trucking.

65. Fraudulent actors utilized the specific identity, MC number, and federal operational authority of Defendant Varna Trucking to secure the load assignment from Plaintiff LRGistics.

66. Defendant Varna Trucking's dispatch communications (from dispatch.varna.truckingllc@gmail.com) initially indicated that a driver named "Ethan" (phone 814-725-9809; truck 404) would pick up the load.

67. Subsequently, Defendant Varna Trucking's dispatch indicated that a second driver named "Yoentry" (phone 850-347-5456; truck 102; trailer 01) would pick up the load.

68. Defendant Varna Trucking's dispatch later claimed that pickup was completed and delivery occurred, providing a purported proof of delivery.

69. However, the cargo was never delivered to the consignee Storm Power Components in Decatur, Tennessee.

70. The cargo has been, upon information and belief, lost and has not been recovered.

71. Under the Carmack Amendment, 49 U.S.C. § 14706, a carrier providing transportation or service subject to jurisdiction under chapter 135 of Title 49, is liable to the person entitled to recover under the receipt or bill of lading for the actual loss or injury to the property caused by the carrier.

72. The Carmack Amendment makes common carriers liable for actual loss of or damage to shipments in interstate commerce. *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.,* 334 F.3d 997, 1003 (11th Cir. 2003).

73. A prima facie case under the Carmack Amendment is established upon proof that: (1) goods were delivered to the carrier in good condition; (2) goods arrived at destination in damaged condition (or were lost); and (3) a specified amount of damages resulted. *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.,* 334 F3d 997, 1003 (11th Cir. 2003)

74. Plaintiff has established a prima facie case under the Carmack Amendment:

a. The goods (copper bars and rods) were tendered to Defendant Varna Trucking (as the designated carrier on the Bill of Lading) in good

condition;

b. The goods were lost and never arrived at the destination; and

c. Plaintiff suffered damages in the amount of $227,341.46.

75. As the carrier designated on the Bill of Lading and the carrier whose identity and authority were used to obtain the cargo, Defendant Varna Trucking is strictly liable under the Carmack Amendment for the actual value of the lost cargo.

76. Defendant Varna Trucking's failure to secure its operational credentials, dispatch systems, and communication networks enabled the fraudulent interception of the cargo and the impersonation of Varna's federal motor carrier authority.

77. Defendant Varna Trucking, as the carrier designated on the Bill of Lading, had a duty to ensure that only its authorized drivers and equipment picked up the cargo.

78. Defendant Varna Trucking's use of unsecured email systems (Gmail accounts) and failure to implement verification protocols enabled the fraudulent impersonation.

79. Defendant Varna Trucking's dispatch communications claiming pickup and delivery create an admission of carrier responsibility.

80. Defendant Varna Trucking, as the carrier of record on the Bill of Lading, cannot escape liability by claiming a third party impersonated it, particularly where Varna's own negligence in securing its credentials enabled the impersonation.

81. Once a prima facie case is established under the Carmack Amendment, the burden shifts to the carrier to prove it was free from negligence and that damage was caused by an excusable factor. *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.,* 334 F.3d 997, 1003 (11th Cir. 2003)

82. Defendant Varna Trucking cannot prove it was free from negligence or that the loss was caused by an excusable factor (act of God, public enemy, act of shipper, public authority, or inherent vice of goods).

83. As a direct and proximate result of Defendant Varna Trucking's failure to fulfill its duties as the authorized motor carrier and its failure to secure its credentials, Plaintiff suffered the total loss of the cargo valued at $227,341.46.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Varna Trucking Inc. for actual compensatory damages in the amount of $227,341.46, together with pre-judgment

interest, post-judgment interest, costs, and such other and further relief as this Court deems just and equitable.

**COUNT III: COMMON LAW NEGLIGENCE (IN THE ALTERNATIVE)**
**(Against Defendant Varna Trucking Inc.)**

84. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

85. Plaintiff pleads this Count in the alternative to Count II, in the event that the Court determines that the Carmack Amendment does not provide a remedy or does not apply to the facts of this case.

86. Defendant Varna Trucking Inc. operates as a federally licensed motor carrier engaged in interstate transportation of commercial freight.

87. As a motor carrier holding federal operating authority (MC# 649727), Defendant Varna Trucking owed a duty of reasonable care to brokers, shippers, and facilities within the logistics industry to maintain commercially acceptable security standards over its carrier credentials, identity, and operational systems to prevent fraudulent use of its federal motor carrier authority.

88. Defendant Varna Trucking breached this duty by utilizing unsecured public communication networks, including Gmail accounts

(dispatch.varna.truckingllc@gmail.com and varna.truckinginc@gmail.com), and by failing to implement basic safeguards to protect its operational credentials, dispatch systems, and driver verification processes.

89. Defendant Varna Trucking failed to implement industry-standard security measures such as secure communication channels, multi-factor authentication, driver credential verification, and monitoring for unauthorized use of its carrier identity.

90. This systemic compromise and failure to secure its credentials directly facilitated the identity theft and subsequent cargo theft.

91. Fraudulent actors were able to impersonate Defendant Varna Trucking's federal motor carrier authority, communicate with Plaintiff LRGistics and the transloading facility using Varna's identity, and intercept the cargo at the Savannah facility.

92. Defendant Varna Trucking's breach of its duty to maintain reasonable security over its credentials was the proximate cause of Plaintiff's damages.

93. As a direct and proximate result of Defendant Varna Trucking's negligence in failing to secure its credentials and operational systems, Plaintiff suffered the total loss of the cargo valued at $227,341.46.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Varna Trucking Inc. for actual compensatory damages in the amount of $227,341.46, together with pre-judgment interest, post-judgment interest, costs, and such other and further relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LRGistics, LLC respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, for actual compensatory damages in the principal amount of $227,341.46, representing the full value of the stolen copper cargo;

2. Award Plaintiff pre-judgment interest at the maximum rate allowed by law from the date of loss (July 23, 2025) until the date of judgment;

3. Award Plaintiff post-judgment interest at the rate established by 28 U.S.C. § 1961 from the date of judgment until the date of payment;

4. Award Plaintiff reasonable attorney's fees and costs of litigation, including court costs, filing fees, and other expenses incurred in prosecuting this action, to the extent permitted by applicable law;

5. Grant such other and further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this **3rd** day of **August, 2026.**

*/s/ R. Brent Curd, Jr.*
R. BRENT CURD, JR., Esq.
Georgia Bar No: 202240
THE CURD LAW FIRM
Counsel for the Plaintiff LRgistics, LLC

P.O. Box 801715
Acworth, Georgia 30101-7183
(678) 983-4266
brent@curdlawfirm.com